**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MID-CONTINENT CASUALTY
COMPANY,

      Plaintiff-Appellant,

v.

THE VILLAGE AT DEER CREEK
HOMEOWNERS ASSOCIATION, INC.,

      Defendant-Appellee,

and

DANIEL J. BARNARD; GREATER
MIDWEST BUILDERS, LTD.,

      Defendants.

No. 11-3367

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**
**(D.C. NO. 2:09-CV-02066-EFM-DJW)**

Diane K. Watkins, Wagstaff & Cartmell, LLP, Kansas City, Missouri (Vincent F.
O'Flaherty, Law Offices of Vincent F. O'Flaherty, Attorney, LLC, Kansas City,
Missouri, and Adam S. Davis, Wagstaff & Cartmell, LLP, Kansas City, Missouri,
on the briefs), for Plaintiff-Appellant.

John R. Weist (Scott C. Long with him on the brief), Long & Luder, P.A.,
Overland Park, Kansas, for Defendant-Appellee.

Before **KELLY**, **MURPHY**, and **HARTZ**, Circuit Judges.

**MURPHY**, Circuit Judge.

## I.    Introduction

Plaintiff-Appellant Mid-Continent Casualty Company ("Mid-Continent") brought a declaratory judgment action in the United States District Court for the District of Kansas, seeking determination of its coverage obligations related to construction defect litigation.  Defendant-Appellee, The Village at Deer Creek Homeowners Association, Inc. (the "Association"), moved to dismiss, requesting that the district court not exercise jurisdiction over Mid-Continent's action.  Weighing the five factors set forth in *State Farm Fire & Casualty Co. v. Mhoon*, 31 F.3d 979, 982–83 (10th Cir. 1994), the district court declined jurisdiction in favor of resolution in Missouri state court and dismissed the action.  Mid-Continent appeals, arguing the district court's application of the *Mhoon* factors amounts to an abuse of discretion.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court **affirms**.

## II.    Background

The relevant facts are not in dispute.  In 2007, the Association and numerous individual homeowners sued Greater Midwest Builders, Inc. ("Greater Midwest") and its president, Daniel J. Barnard, in state court in Johnson County,

Kansas, alleging Greater Midwest was negligent in constructing a subdivision development. At the time of the alleged negligent construction, Greater Midwest was insured by Mid-Continent and State Automobile Insurance Company ("State Auto"). Greater Midwest therefore demanded legal defense and indemnification from Mid-Continent and State Auto. In February, 2009, with the Johnson County suit still pending, Mid-Continent filed the action giving rise to this appeal in the District of Kansas, seeking a declaration that the terms of its policy did not cover any of the claims asserted against Greater Midwest in state court. On the motion of Greater Midwest and Barnard, the district court entered an order staying proceedings in the declaratory judgment act until the Johnson County action was concluded.

The Johnson County suit concluded on February 10, 2011, with a verdict against Greater Midwest for over $7 million. On February 16, 2011, the Association and other plaintiffs in the Johnson County action filed a petition for equitable garnishment against State Auto, Mid-Continent, and Greater Midwest in state court in Jackson County, Missouri ("first garnishment action"). State Auto removed the first garnishment action to federal court in the Western District of Missouri. There, Mid-Continent moved to sever the actions against it and State Auto and transfer venue of the case against it to the District of Kansas. At the same time, Mid-Continent moved to lift the October 2009 stay in the declaratory judgment action.

The plaintiffs in the first garnishment action filed a notice of voluntary dismissal in the Western District of Missouri. Approximately two weeks later, they filed a second garnishment action against State Auto and Mid-Continent in Jackson County, Missouri ("second garnishment action"). The second suit named Greater Midwest as a plaintiff rather than a defendant. The Association then responded to Mid-Continent's motion to lift the stay in the declaratory judgment action and moved to dismiss Mid-Continent's declaratory judgment action. On April 1, 2011, State Auto again removed the second garnishment action to the Western District of Missouri. The plaintiffs in the second garnishment action (the Association, Greater Midwest, and the individual homeowners) moved to remand to the Jackson County Circuit Court, and Mid-Continent again moved to sever and transfer venue to the District of Kansas. The Western District of Missouri granted the motion to remand due to lack of complete diversity between the parties. Thus, at the time the Kansas federal district court ruled on Mid-Continent's Motion to Lift Stay and the Association's Motion to Dismiss in this matter, the second garnishment action remained pending against Mid-Continent in state court in Jackson County, Missouri. On November 17, 2011, the Kansas district court granted the motion to dismiss.

III. **Discussion**

A. Statutory Framework

The Declaratory Judgment Act provides, in relevant part: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Because of the Act's use of the word "may," the Supreme Court has held it confers upon courts the power, but not the duty, to hear claims for declaratory judgment. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286–87 (1995); *Pub. Affairs Assoc., Inc. v. Rickover*, 369 U.S. 111, 112 (1962) ("The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."). In determining whether to exercise their discretion, district courts should consider the following factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata* ; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F.3d at 983 (quotations omitted). The parties agreed below, and agree now on appeal, that the *Mhoon* factors are the appropriate rubric for the district

-5-

court to consider whether to exercise jurisdiction over Mid-Continent's declaratory action.[1]

B.    Standard of Review

While the parties agree that the standard of review is abuse of discretion, Mid-Continent also notes that a district court can abuse its discretion when its decision is based on clearly erroneous factual findings or the misapplication of legal standards. *See Kiowa Indian Tribe of Okla. v. Hoover*, 150 F.3d 1163, 1165 (10th Cir. 1998). When reviewing for abuse of discretion, the court "must carefully scrutinize the district court's exercise of its discretion, but we may not substitute our own judgment for that of the trial court." *Id.* (quotation and

---

[1]Mid-Continent states on appeal that the *Mhoon* factors are "not the exclusive list of considerations" which must guide the district court's analysis. However, Mid-Continent points to no additional considerations for the district court to examine that are not already encompassed by the *Mhoon* factors. For example, Mid-Continent states the district court should consider "whether the declaratory judgment will (1) clarify or settle the legal relations in issue and (2) terminate or afford relief from the uncertainty giving rise to the proceeding." At one time, these two considerations were central to a declaratory judgment analysis in this circuit. *See Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1275 (10th Cir. 1989). Following the Sixth Circuit's lead, this court has since expanded the list of relevant factors to five. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). However framed, it is incumbent upon Mid-Continent to demonstrate the district court abused its discretion in declining to exercise jurisdiction. *Id.* It has not done so.

Mid-Continent also notes the Declaratory Judgment Act does not prohibit the district court from deciding a purely legal question relating to the interpretation of an insurance contract. *See Kunkel*, 866 F.2d at 1276. The issue, however, is not whether the district court was *permitted* to exercise jurisdiction over Mid-Continent's action, but whether it abused its discretion in declining to do so. *Mhoon*, 31 F.3d at 983.

-6-

alteration omitted).  The obligation not to substitute this court's judgment for that

of the district court is especially important when reviewing a district court's

analysis of the *Mhoon* factors:

> While imposing on the trial court the obligation to weigh these
> various factors when deciding whether to hear a declaratory
> judgment action, this circuit has repeatedly over the years held that
> on appeal it will not engage in a *de novo* review of all the various
> fact-intensive and highly discretionary factors involved.  Instead, it
> will only ask whether the trial court's assessment of them was so
> unsatisfactory as to amount to an abuse of discretion.

*Mhoon*, 31 F.3d at 983.  An abuse of discretion has been characterized as "an

arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *RoDa*

*Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009) (quotation omitted).

Put differently, "[u]nder the abuse-of-discretion standard, a trial court's decision

will not be disturbed unless the appellate court has a definite and firm conviction

that the lower court made a clear error of judgment or exceeded the bounds of

permissible choice in the circumstances."  *Oklahoma ex rel. Edmondson v. Tyson*

*Foods, Inc.*, 619 F.3d 1223, 1232 (10th Cir. 2010) (quotation omitted).

    C.    *Mhoon* Factors

        1.    Factors 1 and 2 — Whether the Declaratory Judgment Action
                 Would Settle the Controversy or Clarify the Legal Relations At
                 Issue[2]

---

[2]Although Mid-Continent addresses the district court's analysis of the first
and second *Mhoon* factors separately, its arguments as to each factor are
substantially the same.  That is, Mid-Continent argues the district court
misapplied the second factor by failing to acknowledge a circuit split and by

                                  (continued...)

-7-

The district court considered the first two *Mhoon* factors together and concluded each favored dismissal. The court concluded exercise of its declaratory judgment jurisdiction would be unnecessarily duplicative and uneconomical because the second equitable garnishment action in Jackson County would resolve all issues presented in Mid-Continent's federal declaratory judgment action, whereas the declaratory judgment action would not resolve all issues presented in the state equitable garnishment action. Both parties agreed the Jackson County action would require the state court to determine whether Mid-Continent must indemnify Greater Midwest under the terms of Greater Midwest's insurance policy. By contrast, several claims in the second equitable garnishment action would remain unresolved after resolution of the declaratory judgment action. For example, the equitable garnishment action includes claims for bad faith failure to settle, breach of fiduciary duty, and breach of contract. Additionally, the district court noted the declaratory judgment action would not resolve the issue of State Auto's liability.

Mid-Continent argues the district court's analysis of the first *Mhoon* factor amounted to an abuse of discretion for six reasons. These arguments, whether considered individually or collectively, fall far short of demonstrating the district court abused its discretion. First, the district court concluded the first two factors

---

[2](...continued)
giving undue consideration to the interests of non-party State Auto.

weighed against exercising jurisdiction because the declaratory judgment action

"[w]ould not dispose of all of the claims in the state court case." Mid-Continent

argues this conclusion constituted an abuse of discretion because, correctly

construed, the first two *Mhoon* factors permit the district court to consider only

whether the federal declaratory judgment action would resolve the issues

presented in the action itself. This argument is easily rejected because Mid-

Continent presents no justification as to why the standard it advocates is correct

and the one applied by the district court is incorrect.[3]

---

[3]Some courts have resolved the first two *Mhoon* factors in favor of
exercising jurisdiction when a declaratory judgment action would settle the
immediate controversy between the parties to the action. *See, e.g.*, *Nw. Pac.
Indem. Co. v. Safeway, Inc.*, 112 F. Supp. 2d 1114, 1120 (D. Kan. 2000). Other
courts have resolved the first two *Mhoon* factors against exercising jurisdiction
when the declaratory judgment action would leave unresolved other, related
issues in parallel state court proceedings. *See*, *e.g., Qwest Commc'ns Int'l, Inc. v.
Thomas*, 52 F. Supp. 2d 1200, 1207 (D. Colo. 1200). Relying on a case from the
Sixth Circuit, Mid-Continent argues these two approaches constitute a "split of
authority" as to the scope of the first two *Mhoon* factors. *See Scottsdale Ins. Co.
v. Flowers*, 513 F.3d 546, 555 (6th Cir. 2008). As the Sixth Circuit has itself
acknowledged, however, the seemingly differing standards applied in different
cases "might . . . be explained by their different factual scenarios." *Id.*

In some cases, the likelihood a declaratory judgment will resolve the
immediate dispute between the parties may tip the scales in favor of exercising
jurisdiction. In others, the existence of outstanding claims in a parallel state court
action may counsel a different conclusion. Especially relevant may be whether
the state court action would necessarily resolve the issues in the declaratory
judgment action. Here, while the declaratory judgment action would settle the
controversy between Mid-Continent and Greater Midwest over the scope of Mid-
Continent's coverage obligations, that issue would also be resolved in the
Missouri equitable garnishment action. By contrast, the issues in the Missouri
equitable garnishment action would not necessarily be resolved in the declaratory

(continued...)

Mid-Continent also argues the district court misapplied the first factor by being overly concerned with piecemeal and duplicative litigation. Mid-Continent contends such concern was misplaced because any piecemeal litigation was the result of the district court's own stay order. The district court granted Greater Midwest's motion to stay the declaratory judgment action on October 13, 2009. Mid-Continent did not move for reconsideration of the stay order or seek any other relief from the order until March 10, 2011, when it moved to lift the stay. The propriety of the original stay order is therefore not before this court on appeal. Moreover, the district court's decision not to revisit the propriety of its own stay order when weighing the *Mhoon* factors is not arbitrary, whimsical, or manifestly unreasonable.

Mid-Continent also argues the district court incorrectly concluded that resolving the declaratory judgment action would leave certain issues in the equitable garnishment action unresolved. In support of this argument, Mid-Continent notes that if the district court had concluded Mid-Continent had no coverage obligations under Greater Midwest's policy, all of the claims in the equitable garnishment action would necessarily fail as a matter of law. The

---

[3](...continued)
judgment action. To the extent Mid-Continent's argument could be read as a challenge to the weight the district court accorded to the different considerations relevant to the first two *Mhoon* factors, we reject it because the district court's assessment was not "so unsatisfactory as to amount to an abuse of discretion." *Mhoon*, 31 F.3d at 983.

district court, however, did not act unreasonably, let alone manifestly unreasonably, in weighing the first two *Mhoon* factors without assuming Mid-Continent would prevail on the merits. It was certainly within the bounds of permissible choice for the district court to consider the possibility that issues in the equitable garnishment action would be left unresolved if it exercised jurisdiction over the declaratory judgment action, even if that possibility was not certain.

The fourth reason Mid-Continent argues the district court erred in applying the first two *Mhoon* factors was that it was unduly concerned with the interests of non-party State Auto. After thoroughly reviewing the district court's order, however, this court concludes the interests of State Auto played, at most, a minor role in the district court's decision. In its discussion of the first two *Mhoon* factors, for instance, the district court mentions State Auto in only one sentence. Thus, assuming without deciding that a district court could abuse its discretion in declining jurisdiction over a declaratory judgment action by being too concerned with the interests of nonparties, such was not the case here. Mid-Continent cites no binding authority indicating the consideration of the interests of nonparties automatically constitutes an abuse of discretion. It does cite an unpublished district court opinion from the Northern District of Oklahoma for the proposition that it is entirely permissible in construction insurance coverage cases for a district court to hear a declaratory judgment action brought by one insurer while a

state court action proceeds against another insurer. When reviewing for abuse of discretion, however, this court cannot reverse simply because a district court failed to make an entirely permissible choice. *See Edmondson*, 619 F.3d at 1232.[4]

Mid-Continent's fifth argument charges that the district court overlooked a concession by Greater Midwest and the Association that the declaratory judgment action would settle the controversy between the parties. In its memorandum in support of its motion to stay the declaratory judgment action pending the outcome of the Johnson County suit, Greater Midwest stated:

> [T]hough a declaratory judgment action may be an appropriate means to settle the controversy between the parties regarding the scope of coverage afforded under the Policy for the Underlying Litigation, because the coverage issues are dependent on a resolution of the same factual issues involved in the Underlying Litigation, this matter should be stayed pending a resolution of those issues in the Underlying Litigation.

The Association adopted Greater Midwest's arguments on the motion to stay as its own. Mid-Continent argues the first part of this statement amounted to a concession that its declaratory judgment action would satisfy the first *Mhoon* factor. By its plain terms, however, Greater Midwest's motion states only that Mid-Continent's action *may* be an appropriate means to settle the controversy

---

[4]Similarly, Mid-Continent argues that dismissing a declaratory judgment action merely because of the presence of alternative claims in another proceeding encourages parties to "manipulate the outcome of the *Mhoon* analysis by clever or cumulative pleadings." Mid-Continent fails to explain how such manipulation occurred here. *See Infra* Part III.C.3.

between the parties. This court can therefore discern no error in the district court's failure to construe this statement as a binding admission.

Finally, Mid-Continent argues the district court erroneously relied on an unpublished district court case which is distinguishable from the case at bar. In its discussion of the first two *Mhoon* factors, the district court cited *National Casualty Co. v. Robert E. Grundmeyer, Inc.*, No. 4:10CV1538, 2011 WL 768099 (E.D. Mo. Feb. 28, 2011). The district court relied on *National Casualty*, not as binding precedent, but as an illustration of the principle that federal courts should generally decline jurisdiction over declaratory judgment actions if "[a] final judgment in state court will necessarily resolve all issues before [the district court] and the other issues arising out of the same transactions thus allowing comprehensive disposition of litigation." *State Farm Mut. Auto Ins. Co. v. Scholes*, 601 F.2d 1151, 1155 (10th Cir. 1979). Mid-Continent does not challenge that proposition of law here. Its attempts to distinguish *National Casualty* on other grounds therefore fall short of demonstrating an abuse of discretion on the part of the district court.

2. Factor 3 — Whether the Declaratory Remedy is Being Used Merely for the Purpose of "Procedural Fencing" or "To Provide an Arena for a Race to Res Judicata"

Considering the third factor, the district court noted that while accusations of procedural fencing typically involve questionable actions on the part of the party seeking a declaratory judgment, *see St. Paul Fire & Marine Ins. Co. v.*

-13-

*Runyon*, 53 F.3d 1167, 1170 (10th Cir. 1995), the analysis can also be used to examine the motives of state court plaintiffs. Before the district court, Mid-Continent argued Greater Midwest and the Association engaged in procedural fencing by (1) failing to notify the district court when the Johnson County lawsuit had concluded, (2) filing the equitable garnishment action in Jackson County while the declaratory judgment action was still pending, and (3) voluntarily dismissing and refiling the equitable garnishment action. The district court concluded the Association provided adequate explanations for each of these actions and, therefore, the third *Mhoon* factor did not favor either party.

On appeal, Mid-Continent argues the district court misapplied the third *Mhoon* factor by (1) giving insufficient consideration to the "timeliness" of the actions of Greater Midwest and the Association, (2) giving insufficient consideration to Greater Midwest's purported acknowledgment that the declaratory judgment action would settle the controversy, (3) placing insufficient significance on the failure of Greater Midwest and the Association to notify the district court that the Johnson County lawsuit had concluded, and (4) misapplying the "first to file" rule. Regarding the first of these arguments, Mid-Continent argues the district court should have concluded the Association engaged in procedural fencing by allowing the declaratory judgment action to proceed for eight months before seeking a stay and by filing its equitable garnishment action just six days after the Johnson County suit had concluded. As discussed *supra* at

-14-

Part III.C.1, however, the propriety of the original stay order is not before this court. Further, as Mid-Continent acknowledges, the Association had the right to file its equitable garnishment immediately after obtaining a judgment in the Johnson County suit. Most importantly, the district court did not dismiss Mid-Continent's declaratory judgment action based on the order in which the various actions were filed. Mid-Continent has thus failed to demonstrate the district court abused its discretion by not inferring nefarious intent on the part of the Association when weighing the third *Mhoon* factor. Mid-Continent's second argument regarding the third *Mhoon* factor relies on a misreading of Greater Midwest's motion to stay. *See supra* Part III.C.1.

Regarding Mid-Continent's third argument, the district court at no point ordered the Association or Greater Midwest to advise it when the first Kansas lawsuit was completed. Further, the district court concluded Mid-Continent was aware the Kansas lawsuit had concluded and presumably therefore could have advised the court itself. Mid-Continent challenges this second conclusion, noting that Greater Midwest was represented by personal counsel, not the counsel Mid-Continent had selected for them, in both the state proceedings and in the declaratory judgment action. The Association argues that, at the very least, Mid-Continent had constructive notice of the conclusion of the first state court action because it took place in open court. This court agrees. Moreover, even if it were possible that Mid-Continent was unaware the Kansas lawsuit had concluded, the

-15-

district court did not abuse its discretion by concluding this possibility was insufficient to establish procedural fencing.

Mid-Continent's final argument under the third *Mhoon* factor is that the district court misapplied the first-to-file rule. Before the district court, Mid-Continent argued the court should exercise jurisdiction over its declaratory judgment action because it was filed two years before the equitable garnishment action in the Missouri state court. The district court noted that the first-to-file rule traditionally only applies to multiple actions brought in different federal courts of coordinate jurisdiction and equal rank. On appeal, while acknowledging the first-to-file rule is not directly applicable, Mid-Continent obliquely asserts the principles promoted by the rule—comity and noninterference with the affairs of other courts—would be furthered if the district court exercised jurisdiction over its declaratory judgment action. Mid-Continent provides no support for this assertion, however. In any case, this argument is better considered in the context of the fourth *Mhoon* factor.

3. Factor 4 — Whether Use of a Declaratory Action Would Increase Friction Between Federal and State Courts and Improperly Encroach Upon State Jurisdiction

In analyzing the fourth *Mhoon* factor, the district court concluded the Missouri state court is better situated to determine Mid-Continent's coverage obligations because the action would involve a matter of state law, i.e., the interpretation of an insurance contract. The district court concluded this was true

regardless of whether Kansas or Missouri law controls because both it and the Missouri state courts are capable of applying the appropriate choice of law rules. If Missouri law does indeed control, the district court noted, the Missouri state courts are uniquely suited to resolve the dispute. Moreover, following from its discussion of the first two *Mhoon* factors, the district court concluded exercising jurisdiction posed a grave risk of interference with the Missouri state proceedings, which involved additional claims and parties not joined in the declaratory judgment action.

Mid-Continent argues the district court's concerns that it would unduly interfere with the Missouri state courts were ill-founded. Mid-Continent alleges that at the time the stay order was entered the declaratory judgment action was sufficiently developed that dispositive motions could have been filed. It further alleges that the Johnson County lawsuit resolved most of the facts necessary to decide the declaratory judgment action. Assuming these representations are true, at most they establish the district court could have reached a different conclusion under the fourth *Mhoon* factor. They fall far short of demonstrating the district court's decision was arbitrary, capricious, whimsical, or manifestly unreasonable, or otherwise exceeded the bounds of permissible choice under the circumstances. *See Edmondson*, 619 F.3d at 1232; *RoDa Drilling Co.*, 552 F.3d at 1208.

4.  Factor 5 — Whether there is an Alternative Remedy Which is Better or More Effective

The district court's discussion of the fifth *Mhoon* factor followed from its consideration of the first four. The court concluded the Missouri courts were simply better situated to provide complete relief to all parties involved in the coverage dispute. Mid-Continent's arguments that the district court misapplied this factor are thus dependent on its arguments under the first four factors. For the reasons set forth *supra* Part III.C.1–3 this court concludes these arguments are not well-taken. The district court's analysis of the *Mhoon* factors was carefully reasoned and appropriate under the circumstances. Mid-Continent's arguments amount to little more than an invitation to re-weigh the *Mhoon* factors or to substitute this court's judgment for that of the district court. Such review is precluded by longstanding precedent.[5] *See Mhoon*, 31 F.3d at 983.

## IV.   Conclusion

For the foregoing reasons, this court **affirms** the order of the district court granting the Association's motion to dismiss. Mid-Continent's motion for expedited consideration is **denied as moot**.

---

[5]Because we conclude the district court properly dismissed the declaratory judgment action, we need not decide whether the district court abused its discretion in denying Mid-Continent's motion to lift the stay in that action.