FILED
United States Court of Appeals
Tenth Circuit

August 30, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

VALLEY FORGE INSURANCE
COMPANY,

      Plaintiff - Appellant,

v.

ALK ENTERPRISES, LLC,

      Defendant - Appellee.

No. 17-5117
(D.C. No. 4:17-CV-00501-GKF-JFJ)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **McHUGH**, Circuit Judges.
_____

This appeal involves the relationship between two lawsuits concerning insurance coverage. The insurer is Valley Forge Insurance Co., and the named insured is ALK Enterprises, LLC. Another insured, Mr. Jason Klintworth, brought the first lawsuit against Valley Forge; Valley Forge then brought a second lawsuit against ALK. The district court

_____

[*]    Oral argument would not materially aid our consideration of the appeal. Thus, we have decided the appeal based on the briefs. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But our order and judgment may be cited for its persuasive value under Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

dismissed the second lawsuit, and Valley Forge brought this appeal. We affirm.

**1.    ALK enters the first lawsuit.**

The appeal largely turns on whether ALK is a party to the first lawsuit. ALK says that it is; Valley Forge disagrees. The disagreement arises from the way that ALK entered the first lawsuit. Mr. Klintworth requested permission to amend his petition to add claims against Valley Forge. The court granted leave to amend, and Mr. Klintworth filed an amended petition.

The amended petition included claims by a new plaintiff, ALK, which asserted its own claims against Valley Forge for breach of the insurance contract and the implied duty of good faith and fair dealing. Valley Forge then brought its own lawsuit for a declaratory judgment against ALK.

**2.    The district court had discretion over whether to entertain the declaratory-judgment lawsuit.**

The district court enjoyed discretion on whether to entertain Valley Forge's lawsuit for a declaratory judgment. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 982 (10th Cir. 1994). In exercising that discretion, the court had to decide which lawsuit provided the better opportunity to resolve the issues. *Predator Int'l, Inc. v. Gamo Outdoor*

*USA, Inc.*, 793 F.3d 1177, 1190 (10th Cir. 2015). For this decision, the court had to consider five factors:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata*"; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

*Mhoon*, 31 F.3d at 982 (internal quotation marks omitted).

**3.      Our review is deferential.**

Our review of the district court's weighing of these factors is deferential: "[We] will not engage in a *de novo* review of all the various fact-intensive and highly discretionary factors involved. Instead, [we] will only ask whether the trial court's assessment of them was so unsatisfactory as to amount to an abuse of discretion." *Id.* at 983.

**4.      The district court considered the five factors and decided not to entertain the declaratory-judgment lawsuit.**

In declining to entertain the declaratory-judgment lawsuit, the district court evaluated the five factors.

For the first two factors, the court considered both lawsuits, concluding that the declaratory-judgment lawsuit had raised issues that were "central" to the first lawsuit and would "necessarily be adjudicated

3

therein." Appellant's App'x at 124–25. Thus, the court reasoned that the first two factors supported dismissal.

The district court regarded the third factor as support for dismissal, reasoning that Valley Forge's issues in the declaratory-judgment lawsuit were "substantially the same as most of ALK's underlying claims" in the first lawsuit. *Id.* at 125. In light of the overlap in issues, the court concluded that Valley Forge was using the declaratory-judgment lawsuit to engage in procedural fencing or to race toward res judicata. *Id.*

The district court concluded that the fourth factor—whether exercising jurisdiction would create friction with state courts—did not tilt either way: the first lawsuit was in federal court, but a motion was pending for remand to state court.

Finally, the district court concluded that the fifth factor supported dismissal, again relying on

- the similarity of the issues in the two lawsuits and

- the fact that the first lawsuit would necessarily resolve the issues in the declaratory-judgment lawsuit.

Based on the five factors, the court concluded that the first lawsuit would provide a superior forum and dismissed Valley Forge's amended petition for a declaratory judgment. Valley Forge contends that the dismissal entailed an abuse of discretion.

4

**5.      The district court acted within its discretion.**

Valley Forge argues that the district court misunderstood ALK's legal status in the first lawsuit. For this argument, Valley Forge points to the amended petition, where ALK purported to add its own claims. According to Valley Forge, ALK's new claims are nullities because the trial court did not grant permission for ALK to assert its own claims. Therefore, Valley Forge argues that ALK is not actually a party to the first lawsuit. And because ALK is not a party to the first lawsuit, Valley Forge contends, the two lawsuits are distinct, involving different parties and

issues. Accordingly, Valley Forge argues that the district court abused its discretion in

- considering the lawsuits to be connected and

- wasting judicial resources by ordering dismissal after deciding the merits of the coverage dispute.

We reject both arguments.

**A.  The two lawsuits were connected.**

Even if Valley Forge is correct and ALK is not a party to the first lawsuit, both lawsuits would remain connected, for they involve similar issues and the identical question of ALK's status in the first lawsuit.

In the declaratory-judgment lawsuit, Valley Forge seeks a judgment stating that

- ALK lacks a cognizable claim under the insurance policy,

- Valley Forge has not breached the duty of good faith and fair dealing, and

- if there had been a breach, it would not support punitive damages.

In the first lawsuit, Mr. Klintworth had raised similar issues.

As the district court discussed, both lawsuits address whether Valley Forge has breached the insurance contract and the duty of good faith and fair dealing. Thus, a ruling on these issues in either lawsuit would likely affect the other lawsuit. This relationship between the lawsuits supports the dismissal of Valley Forge's lawsuit for a declaratory judgment. *See*

6

*Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1276 (10th Cir. 1989) ("A federal court generally should not entertain a declaratory judgment action over which it has jurisdiction if the same fact-dependent issues are likely to be decided in another pending proceeding."); *see also Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 982 n.3 (10th Cir. 2012) ("Especially relevant [to the first two factors] may be whether the [pending] action would necessarily resolve the issues in the declaratory judgment action.").[1]

In addition, the question of ALK's legal status in the first lawsuit is *itself* pending in both lawsuits. After Mr. Klintworth filed the amended petition in the first lawsuit, Valley Forge filed an answer, challenging ALK's status as a party in the first lawsuit on the ground that ALK had been added without leave of court, rendering its amended petition void

---

[1]     Valley Forge argues that if the district court in the declaratory-judgment lawsuit were to decide that ALK is not an "insured," the issues in the first lawsuit would not be affected, eliminating the overlap between the two cases. We rejected a similar argument in *Mid-Continent Casualty Co. v. Village at Deer Creek Homeowners Ass'n*, 685 F.3d 977 (10th Cir. 2012). There we reasoned that the district court need not have assumed what the outcome would have been in the second lawsuit. *See* 685 F.3d at 983. So too here, where the district court need not have assumed whether the court in the first lawsuit would have allowed ALK to pursue its own claims against Valley Forge.

under Oklahoma law. In the first lawsuit, the court has not yet decided ALK's status. The significance of this history is twofold.

First, this history means that the question of ALK's legal status in the first lawsuit is itself an issue that overlaps between the two cases. This overlap supports the district court's ruling.

Second, this history means that entertaining the declaratory-judgment lawsuit would require the district court to draw multiple assumptions about future rulings in the first lawsuit. Valley Forge does not dispute that if ALK *is* a proper party in the first lawsuit, the issues in the two cases would overlap. Therefore, Valley Forge's argument assumes that ALK will never be considered a party in the first lawsuit.

This argument would require the district court in the declaratory-judgment lawsuit to assume that the court in the first lawsuit will

- agree with Valley Forge and determine that ALK was not validly added to that lawsuit and

- refuse to grant leave for ALK to join the lawsuit through proper procedural channels.

These twin assumptions about the outcome of the first lawsuit rest on surmise, and the district court could reasonably decline to assume this uncertain chain of events. *See Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 983 (10th Cir. 2012) (concluding that the district court acted reasonably in declining to assume an uncertain outcome that would eliminate the concerns weighing against consideration

8

of the declaratory-judgment lawsuit).[2] Accordingly, Valley Forge's argument fails.

**B.      The dismissal did not waste judicial resources.**

Valley Forge also asserts that the district court resolved the declaratory-judgment lawsuit on the merits. Thus, according to Valley Forge, the decision not to exercise jurisdiction over the case wasted judicial resources. We disagree.

As Valley Forge suggests, the district court discussed the merits and concluded that "ALK does not appear to be an 'insured' under the plain language of the Oklahoma Uninsured Motorists Coverage endorsement." Appellant's App'x at 123. But the ruling's full sentence reads:

> Although, ALK does not appear to be an "insured" under the plain language of the Oklahoma Uninsured Motorists Coverage endorsement, this court leaves the ultimate resolution of that question up to the court handling the First-Filed Action, concluding in this case only that Valley Forge's complaint for

---

[2]      Valley Forge also argues that the district court "erred by assuming ALK was party to the Klintworth Lawsuit." Appellant's Opening Br. at 12. Valley Forge is perhaps referring to the district court's evaluation of the third and fifth factors, where the court referred to "ALK's underlying claims" and "ALK's claims" in the first lawsuit. Appellant's App'x at 125–26. But the district court did not abuse its discretion by relying on the claims as they were framed in the amended petition; the court had no need to assume that ALK and its claims would be excluded from the first lawsuit.

(continued)

9

Declaratory Judgment [Doc. No. 2] states a claim upon which relief can be granted.

*Id.*

Valley Forge's argument hinges on a misreading of the district court's ruling; the court did not "completely resolve[] the coverage dispute between the two parties." Appellant's Opening Br. at 17. Rather, the court concluded only that Valley Forge's amended petition stated a valid claim.[3] The court added some preliminary observations on the underlying issue of coverage but ultimately declined to decide that issue. Therefore, we reject Valley Forge's argument.

## 6.    Conclusion

We cannot conclude that the district court's assessment of the five factors "was so unsatisfactory as to amount to an abuse of discretion." *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994). Accordingly, we affirm.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[3]    Valley Forge provides no authority for the proposition that a district court abuses its discretion by declining to entertain a declaratory-judgment lawsuit—based on an analysis of the five factors—solely because resolution of the merits would save judicial resources.