**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JENNIFER RICHEY,

      Plaintiff - Appellant,

v.

AMERICAN BUILDING
MAINTENANCE; SUPERINTENDENT,
MID-DEL PUBLIC SCHOOLS,

      Defendants - Appellees.

No. 24-6127
(D.C. No. 5:23-CV-00915-G)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **McHUGH**, **BALDOCK**, Circuit Judges, and **LUCERO**, Senior Circuit Judge.

_____

Jennifer Richey, proceeding pro se[1], appeals the district court's dismissal

without prejudice, under Fed. R. Civ. P. 4(m), of her lawsuit for failure to timely

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Richey proceeds pro se, we construe her filings liberally, but we "cannot take on the responsibility of serving as [her] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

effect service on the defendants. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Richey filed her complaint, alleging various forms of employment discrimination, on October 12, 2023. She named two defendants: American Building Maintenance and the superintendent of Mid-Del Public Schools. But Richey never obtained a summons for either defendant, nor did she submit proof or waiver of service for either defendant to the district court. So, on April 18, 2024, the district court entered an order directing Richey to show cause why the court should not dismiss her lawsuit.

Richey then submitted requests for the issuance of summonses to each defendant, after which the United States Marshals Service (USMS) attempted to serve the defendants using the address information Richey provided. Although Richey listed American Building Maintenance as having a New York address in her complaint, *see* R. at 5, she instructed USMS to attempt service at an address in Oklahoma, *see id.* at 45.

The service attempts were unsuccessful, so USMS returned the summons unexecuted as to each defendant. USMS stated in the return of service for American Building Maintenance that the marshal "spoke to [an individual at the address Richey gave] who advised that there [are] several American Building Maintenances in the area and that this location is not associated with Mid-Del public schools." *Id*. In the return of service for the superintendent of Mid-Del public schools, USMS stated the marshal "[s]poke with Head of Human Resources, Susan Miller[,] at [the] location

2

[Richey provided].  Miller advised that they [cannot] receive le[]gal documents on . . . behalf of Mid-Del public schools due to them being considered two separate entities."  *Id.* at 46.

Richey filed two documents after the court issued its show-cause order.  In one, she wrote:  "Your Honor, I will like to Say That I TRULY Thank You Your Honorable Judge Charles Goodwin for dismissing my case without Prejudice." R. at 53.  In the other, she requested the entry of default judgment against the defendants.  *See id.* at 54–56.  The district court liberally construed both filings as responses to its show-cause order.  The court dismissed the action without prejudice for failure to timely effect service, and it found no good cause to extend the service deadline.  This appeal followed entry of final judgment.

"We review the district court's dismissal for untimely service for an abuse of discretion."  *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).  "Under the abuse-of-discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n*, 685 F.3d 977, 981 (10th Cir. 2012) (internal quotation marks and brackets omitted; capitalization added).

Even liberally construing her appellate briefs, Richey does not demonstrate the district court made a clear error of judgment or exceeded the bounds of permissible

choice when it dismissed her claim without prejudice.  Under Fed. R. Civ. P. 4(m), such dismissal was mandatory:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Richey did not show good cause for her failure to timely serve the defendants.  Nor did she request an extension of time to do so in either of the two filings the district court construed as a response to its show-cause order.  In one response, she seemingly conceded dismissal without prejudice was appropriate.  In the other, she asserted incorrectly that she had already accomplished service and asked for a default judgment.  Under these circumstances, the district court did not abuse its discretion.

We affirm the judgment of the district court.  We deny Richey's motion to proceed *in forma pauperis* for failure to show "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991).

Entered for the Court

Carolyn B. McHugh
Circuit Judge

4