**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**November 20, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

WALTER JOHNSON,

    Plaintiff - Appellant,

v.

SPECIAL INVESTIGATION SERVICE;
AGENT WADE,

    Defendants - Appellees.

No. 25-1397
(D.C. No. 1:25-CV-01836-LTB-RTG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **FEDERICO**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

Walter Johnson seeks permission to Proceed on Appeal Without Prepayment

of Costs or Fees ("Request to Proceed IFP") so he can appeal from an order of the

district court dismissing without prejudice his pro se civil rights complaint. Because

Johnson's appeal is frivolous, this court **denies** his Request to Proceed IFP and

**dismisses** this appeal. 28 U.S.C. § 1915(e)(2)(B)(i) ("Notwithstanding any filing fee,

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines . . . the . . . appeal . . . is frivolous . . . .").

Johnson is in the custody of the Federal Bureau of Prisons at the ADMAX Penitentiary in Florence, Colorado. He commenced this action pro se by filing a civil rights complaint. In that complaint, Johnson brought his action pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). On July 10, 2025, a federal Magistrate Judge ordered Johnson to file an amended complaint. Among the deficiencies identified by the Magistrate Judge was the failure of Johnson's complaint to comply with the dictates of Fed. R. Civ. P. 8. The Magistrate Judge quoted the entirety of the operative portion of Johnson's complaint and concluded it was not possible to determine "what Defendants did to Plaintiff, when Defendants did it, how Defendants' action harmed him, what specific legal right he believes Defendants violated, and what specific relief he requests." R. at 23 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007)). In short, the Magistrate Judge concluded that, as currently drafted, Johnson's complaint did not sufficiently inform the defendants as to the nature of the claims being asserted so as to allow a reasoned response. Thereafter, Johnson filed an amended complaint.

The Magistrate Judge entered a Recommendation, which suggested the district court dismiss Johnson's amended complaint without prejudice, pursuant to Fed. R. Civ. P. 41(b), for failure to comply with Rule 8's pleading requirement. Upon de novo review, *see* 28 U.S.C. § 636(b)(1), the district court adopted the Magistrate

Judge's Recommendation and dismissed Johnson's amended complaint without prejudice.

This court reviews for abuse of discretion the district court's dismissal of Johnson's amended complaint under Rule 41(b). *Nasious*, 492 F.3d at 1161. "Employing Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 of course allows the plaintiff another go . . . ; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *Id.* at 1162. "An abuse of discretion has been characterized as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment." *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 981 (10th Cir. 2012) (quotation omitted).

Given this standard, this court concludes Johnson's appellate arguments for reversal are frivolous. *See Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (en banc) ("An appeal is frivolous when the result is obvious, or the appellant's arguments of error are wholly without merit." (quotation omitted)). It is clear and obvious that Johnson's amended complaint fails to comply with Rule 8. He has been so warned as to previous complaints following a similar template. *See Johnson v. Reg'l Dir., Fed. Bureau of Prisons N. Cent. Reg'l Off.*, No. 23-cv-00324-LTB-KLM, 2023 WL 5215419, at *1 (D. Colo. July 27, 2023) (adopting Magistrate Judge's recommendation, set out under the same case name and number, at 2023 WL 5215421, *2 (D. Colo. July 10, 2023)). His appeal in that case was dismissed for lack of prosecution. *Johnson v. Reg'l Dir., Fed. Bureau of Prisons N. Cent. Reg'l Off.*,

3

No. 23-1252, 2023 WL 9600854, at *1 (10th Cir. Oct. 26, 2023). It is frivolous for Johnson to argue the district court acted unreasonably in concluding his amended complaint failed to provide to the defendants the information necessary to file an answer. His bare assertion that a similar complaint filed in district court made it past 28 U.S.C. § 1915A screening is patently insufficient to demonstrate an abuse of discretion under the standard set out in *Nasious.*

It is obvious that Johnson's appellate arguments are "wholly without merit." *Braley*, 832 F.3d at 1510. Thus, § 1915(e)(2)(B)(i) mandates the dismissal of this appeal. This court's dismissal of Johnson's appeal for frivolousness counts as a strike for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). *See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility*, 175 F.3d 775, 780 (10th Cir. 1999), *overruled in part on other grounds*, *Coleman v. Tollefson*, 575 U.S. 532 (2015). That dismissal does not, however, relieve Johnson of his obligation to pay the appellate filing fee in full. *See Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

For those reasons set out above, Johnson's Request to Proceed IFP is **DENIED** and this appeal is **DISMISSED**.

Entered for the Court

Michael R. Murphy
Circuit Judge