FILED
United States Court of Appeals
Tenth Circuit

April 13, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

GORDON NITKA, an individual,

    Plaintiff - Appellant,

v.

NELNET, INC., a Nebraska corporation,

    Defendant - Appellee.

No. 19-1281
(D.C. No. 1:17-CV-00495-LTB-KMT)
(D. Colo.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Gordon Nitka, proceeding pro se, appeals from the district court's

Fed. R. Civ. P. 41(b) dismissal of his lawsuit against Nelnet, Inc., the servicer of his

federal student loans.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

**BACKGROUND**

Nitka alleged "a violation of the Fair Credit Reporting Act [FCRA], two

violations of the Fair Debt Collection Practices Act [FDCPA], breach of contract,

---

* After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

intentional infliction of emotional distress, and fraud." *Nitka v. Nelnet, Inc.*,
763 F. App'x 682, 684 (10th Cir. 2019) (*Nitka I*). When Nelnet moved for dismissal
of the FCRA, FDCPA, and contract claims, the district court dismissed all the claims
with prejudice. *See id.* at 684-85.

On appeal, we affirmed in part and reversed in part. We affirmed the dismissal
of the FDCPA claims and the contract claim with prejudice. *Id*. at 685-86. We also
affirmed the dismissal of the FCRA claim, considering it in two parts. To the extent
it was based on 15 U.S.C. § 1681s-2(a), we affirmed the dismissal with prejudice.
*Nitka I*, 763 F. App'x at 685. But to the extent it was based on 15 U.S.C.
§ 1681s-2(b), although we affirmed the dismissal, we remanded "for the district court
to address [Nitka's] argument that the dismissal should be modified to be without
prejudice and with leave to amend." *Nitka I*, 763 F. App'x at 685. Finally, we held
that the district court apparently overlooked that Nelnet's motion and the magistrate
judge's report and recommendation did not address the emotional distress and fraud
claims, and we remanded those claims for the district court's consideration. *See id.*

Before Nitka filed his notice of appeal, he moved from one Colorado town (the
Old Address) to a different Colorado town (the New Address). He used the New
Address for the appeal. But he never filed a formal change of address form in the
district court. When this court remanded *Nitka I* in February 2019, the district

court's clerk used the Old Address to forward a copy of this court's mandate to Nitka. The mailing was returned as undeliverable, as was a second attempt.[1]

On March 14, 2019, the district court ordered Nitka to address the remanded claims. Noticing the return of the first mailing to the Old Address, the district court ordered the clerk to mail a copy of this court's *Nitka I* order and judgment and mandate to the New Address. The district court's docket shows that the same day, the clerk mailed a copy of the district court's order, as well as this court's order and judgment and mandate, to the New Address. And at some point, the district court's docket was updated to reflect the New Address as Nitka's address.

On April 4, Nitka filed a motion for leave to amend his complaint. The motion listed the New Address as his correct contact information. Nelnet opposed the motion, and Nitka filed a reply. Three weeks after receiving the reply, on May 23 the district court ordered Nitka to comply with D.C. Colo. LCivR 15.1(b) by attaching his proposed amended complaint as an exhibit to his motion. The district court gave Nitka until June 3 to respond. The district court's docket shows that the clerk mailed a copy of the May 23 order to the New Address.

Nitka failed to respond to the May 23 order. On June 19 the district court dismissed the § 1681s-2(b) FCRA claim without prejudice and declined to exercise supplemental jurisdiction over the state-law claims. The district court entered its

---

[1] "[W]e may take judicial notice of public records, including district court filings." *Guttman v. Khalsa*, 669 F.3d 1101, 1127 n.5 (10th Cir. 2012).

judgment on June 20. The district court's docket shows that the clerk mailed copies of the June 19 order and the June 20 judgment to the New Address.

Nitka alleges he never received any district court mailing after the remand. In mid-July, he checked on the status of his case, only to learn that it had been dismissed. On August 7, he filed an untimely notice of appeal. The district court found good cause to extend the time to appeal, allowing Nitka to pursue this appeal.

## DISCUSSION

### I. Prudential Standing and Judicial Estoppel

While *Nitka I* was pending before this court, Nitka filed a petition for Chapter 7 bankruptcy. But he did not list his ongoing suit against Nelnet on his schedule of assets. Nelnet argues that this failure means Nitka lacks prudential standing, *see Mauerhan v. Wagner Corp.*, 649 F.3d 1180, 1184 n.3 (10th Cir. 2011) ("When an individual files for bankruptcy, all interests of the debtor become property of the bankruptcy estate, including causes of action. The trustee of the bankruptcy estate has the sole capacity to sue and be sued over the assets of the estate." (citations omitted)); 11 U.S.C. § 554(d) (providing that property that isn't administered and is not abandoned remains the property of the estate), and is subject to the doctrine of judicial estoppel, *see Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1158-60 (10th Cir. 2007) (applying judicial estoppel where bankruptcy petitioner concealed his causes of action).

Although Nitka filed his bankruptcy proceeding before the remand in *Nitka I*, Nelnet did not present these arguments to the district court. And it offers no

4

explanation why it did not make these arguments earlier.  We have discretion to consider a new argument for affirming a decision, *see Singleton v. Wulff*, 428 U.S. 106, 121 (1976); *Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130 (10th Cir. 2011), but we decline to do so here.  The arguments do not implicate subject-matter jurisdiction, *see New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (recognizing that "judicial estoppel is an equitable doctrine invoked by a court at its discretion" (internal quotation marks omitted)); *Finstuen v. Crutcher*, 496 F.3d 1139, 1147 (10th Cir. 2007) ("Prudential standing is not jurisdictional in the same sense as Article III standing."), and their proper resolution is not certain, *cf. Cox v. Glanz*, 800 F.3d 1231, 1246 n.7 (10th Cir. 2015) ("[O]ur discretion allows us to determine an issue raised for the first time on appeal if it is a pure matter of law and its proper resolution is certain." (internal quotation marks omitted)).  Accordingly, we proceed to consider the merits of the dismissal.

## II.     Rule 41(b) Dismissal

"We review dismissals under Rule 41(b) for abuse of discretion."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007).  "An abuse of discretion has been characterized as an arbitrary, capricious, whimsical, or manifestly unreasonable judgment."  *Mid-Continent Cas. Co. v. Vill. at Deer Creek Homeowners Ass'n, Inc.*, 685 F.3d 977, 981 (10th Cir. 2012) (internal quotation marks omitted).  Under this standard, we will not disturb the district court's decision unless we have "a definite and firm conviction that [it] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  *Id.* (internal quotation marks

5

omitted). "Although we liberally construe *pro se* filings, we do not assume the role of advocate." *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (internal quotation marks omitted).

A district court may dismiss an action sua sponte "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b); *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.").[2] If the dismissal is without prejudice, the district court may act "without attention to any particular procedures." *Nasious*, 492 F.3d at 1162.

Nitka asserts that he never received copies of any documents from the district court after this court remanded in *Nitka I*. He argues that the district court violated his right to due process by not serving him with a copy of its May 23 order and that the court erred by sending copies of documents to the Old Address.

As a pro se party, Nitka was required to use the district court's provided form to keep the court updated with his current address. D. C. Colo. LCivR 5.1(c). But Nitka never filed a formal notice of change of address. And although he states that he "provided his proper mailing address, phone number, and email address on each

---

[2] We are not persuaded by Nitka's attempts to distinguish *Olsen*. Despite any differences between *Olsen* and the present case, *Olsen* supports the proposition that Rule 41(b) does not require the court to wait for the defendant to file a motion to dismiss. 333 F.3d at 1204 n.3.

and every filing," Aplt. Br. at 16, it was not the district court's responsibility to identify a change of address from the contents of his filings, *see Theede v. U.S. Dep't of Labor*, 172 F.3d 1262, 1267 (10th Cir. 1999).

Nevertheless, the district court's records were not the source of any problem. In the March 14 order, the district court noted the return of the first mailing to the Old Address. The court therefore directed the clerk to mail the documents to the New Address, which Nitka concedes was his correct address. The docket reflects that the clerk mailed the March 14 order and all subsequent orders—including the May 23 order, June 19 dismissal, and June 20 judgment—to the New Address. Therefore, there was no deficiency in service on Nitka. *See id.* at 1266-67.[3]

Moreover, the district court had no reason to be aware that Nitka might not be receiving its mailings. Unlike the mailings to the Old Address, none of the mailings to the New Address was returned to the court as undeliverable. And based on Nitka's filings, it appeared that Nitka was receiving and responding to the court's orders. The March 14 order set April 4 as a response date, and Nitka filed his motion to amend precisely on April 4. Then the court issued a minute order setting May 3 as the deadline for Nitka to file a reply, and Nitka filed his reply on May 1.

---

[3] In support of his allegation that the court did not mail documents to the New Address, Nitka supplies an unofficial transcript of a telephone conversation with an employee in the clerk's office. Even assuming that the transcript is correct, this submission cannot overcome the contemporaneous evidence, reflected in the docket, that on and after March 14 the clerk mailed each district court order to Nitka at the New Address.

As a party representing himself, it was Nitka's responsibility to keep himself apprised of the status of his case. Had he reviewed the docket during the course of the litigation, he would have noticed that he was not receiving the court's mailings. And had he conducted regular status checks, he might have been alerted to the May 23 order before the district court dismissed the remaining claims. Under these circumstances, the district court did not abuse its discretion in dismissing the remaining claims without prejudice after Nitka failed to respond to the May 23 order.

## CONCLUSION

Nitka's motion to proceed without prepayment of costs and fees is granted. The district court's judgment is affirmed.

Entered for the Court


Nancy L. Moritz
Circuit Judge

8